229 So.2d 69

**CITY OF NEW ORLEANS**

v.

**The BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS.**

**No. 49881.**

Nov. 10, 1969.

Rehearing Denied Dec. 15, 1969.

Alvin J. Liska, City Atty., King F. Nungesser, Jr., Asst. City Atty., for plaintiff-appellant.

Charles M. Lanier, Edward J. Gay III, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendant-appellee.

McCALEB, Justice.

Proceeding by summary process, the City of New Orleans seeks to hold the Board of Commissioners of the Port of New Orleans (a state agency) liable for use taxes in the sum of $3,569.09 together with penalties, interest, attorneys fees and costs. The sum demanded, the City avers, is due as a tax liability for use taxes levied pursuant to Chapter 56, Section 56–20.1 of the Code of the City of New Orleans, as amended by Municipal Ordinance No. 3748, adopted February 1, 1968.[1] The tax was

1. The Section provides:
   "Section 56–20.1. Person

" 'Person' includes any individual, firm, co-partnership, joint venture, associa-

levied against the Board for the period February 1, 1968 through March 31, 1968.

The Board resisted the demand pleading, by way of exception of no cause of action and by answer, that the City of New Orleans is without power or authority to impose its sale and use tax on any state agency. It contends it cannot be legally subjected to the taxes assessed against it and specially assails the constitutionality of the ordinance insofar as it purports to impose such taxes on the State or any of its agencies.

The district court rendered judgment maintaining the Board's exception, holding the assessment of the tax against the Board invalid and violative of the provisions of Section 22 of Article XIV of our Constitution. The City has appealed directly to this Court pursuant to Section 10(2) of Article VII of the Constitution.

By Section 22 of Article XIV, adopted as an amendment to the Louisiana Constitution in 1950, the City of New Orleans was granted the right, when authorized by an election to adopt a home rule charter. Certain limitations on the powers of the City are set forth in detail in this constitutional authorization.

The constitutional amendment declares, inter alia, that all powers vested in the City

tion, corporation, estate, trust, business trust, receiver, syndicate, this state, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, group or

by Act 159 of 1912 as amended, which included legislative delegation of the power of taxation, would be continued and supplemented by whatever home rule charter the City might adopt. However, the taxing powers and other rights accorded the City under its home rule charter by the constitutional amendment were not wholly unrestricted—for Section 22 of Article XIV contains special limitations denying exercise by the City of any jurisdiction, power or authority over the State itself, district and parochial officers and other boards and commissions created by the State. This limitation provides as follows:

"Nothing contained in this section shall be construed as giving to the City of New Orleans any rights, powers, authority or jurisdiction over any constitutional officers, boards and commissions, their deputies, subordinates and employees, or over any State, district and parochial officers, boards, commissions and funds, their deputies, subordinates and employees. * * *"

Thus the prime question for decision is whether or not the above quoted provision withdraws from the Legislature the right to enlarge the scope of the power of taxation, which it has heretofore delegated to the City of New Orleans, so as to include

combination acting as a unit, and the plural as well as the single number. (M. C. S., Ord. No. 3748, § 1, 2-1-68.)"

therein the right to extend the City's taxing power over the State or any public agency thereof.

Our answer is in the affirmative. It is the position of the City[2] that, since Act 338 of 1936 granted it the right to impose a sales tax, and since Act 285 of 1950, now R.S. 33:2711–2715, authorized any munici-

pality to levy and collect a sales tax in conformity with the provisions of R.S. 47:-301–317, which included the State and its political subdivisions under the definition of "Persons" in R.S. 47:301, the constitutional proscription provided in Section 22 of Article XIV does not in any manner limit its taxing powers because that limitation on the City's power and authority does

---

2. We note that the City of New Orleans has always recognized, until 1968, that it had no authority or power to levy a sales or other excise tax on the State and its agencies. This is evident from the provisions of Section 56–127 of the City Code as it formerly read before amendment in 1968:

"Section 56–127. Rule 9. Sales to United States, Louisiana and their agencies.

"When tangible personal property or a charge for services is billed and sold directly to, and is paid for by, the government of the United States, its departments or agencies, or the State of Louisiana, its departments or agencies, the city is without power to impose the tax on such transaction. The determining factor in all cases is whether or not a sale is made and billed directly to the federal government, its departments or agencies or the State of Louisiana, its departments or agencies, and is paid for directly by the federal government and the state. (M. C. S., Ord. No. 313, § 1.)"

By Section 2 of Ordinance No. 3748, adopted February 1, 1968 (the same ordinance under consideration on this appeal), this Section was amended so as to read as follows:

"Section 56–127. Rule 9. Sales to United States and its agencies.

"When tangible personal property or a charge for services is billed and sold directly to, and is paid for by, the government of the United States, or any of its departments and/or agencies, the City is without power to impose the tax on such transaction. The determining factor in all cases is whether or not a sale is made and billed directly to the federal government or any of its departments and/or agencies, and is paid for directly by the federal government. (M. C. S., Ord. No. 313, § 1; M. C. S., Ord. No. 3748, § 2, 2–1–68.)"

Aside from the amendment to Section 56–127 above, we also observe that it was the position of the Attorney General until recently that the City of New Orleans did not have the power or authority in law to tax the State and its agencies. The Memorandum of March 6, 1968 by Mr. Carroll Buck, First Assistant Attorney General, states:

"Therefore, until or unless the legislature specifically or by inference waives its general exemption from such taxes, it is our opinion that the city was not authorized to define the word 'person' as inclusive of the State or its subdivisions."

This memorandum was recalled by letter of Mr. Jack P. F. Gremillion, Attorney General, dated December 20, 1968, addressed to Mr. Al Liska, City Attorney. This was the first instance in which the Attorney General's office ruled that the City of New Orleans had the power and authority to tax the State or its political subdivisions. Previously, opinions of that office have been to the contrary. See Report and Opinions of Attorney General, 1940–1942, pages 4365, 4372, 4374; and Report and Opinions of Attorney General, 1964–1966, page 1127.

.not *expressly* state that it is prohibited from taxing the State or any of its agencies.

We find no merit in this argument. Primarily, it assumes, as its premise, that the limitation contained in Section 22 of Article XIV is not specific enough to include the power of taxation delegated by the Legislature to the City of New Orleans. But the language of the limitation, in our view, is of the broadest scope. It states that nothing in the constitutional grant " * * * shall be construed as giving to the City of New Orleans any rights, powers, authority or jurisdiction over * * * any State, district and parochial officers, boards, commissions and funds * * *." This plain and concise restriction includes all powers or rights the City might attempt to exercise against the State or any state agency. Therefore, it matters not whether the Legislature, as the City contends, has empowered it to enact a sales and use tax, which includes in its definition of "Persons" authority for a levy against the State or state agencies. For, conceding for purposes of argument only that the Legislature has enacted a law which might be construed in the manner advanced by the City (which we doubt), the answer is that such an act would patently violate the restriction contained in Section 22 of Article XIV of the Constitution.

The judgment is affirmed.